ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| ADRIANA MARIA CAPARRÓS JORDÁN<br><br>Apelada<br><br><br>v.<br><br><br>PEDRO JUAN HERNANDEZ RIVERA<br><br>Apelante | KLCE202400075 | Apelación procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Civil Núm.: SJ2020RF00056<br><br>Sobre: Divorcio – Ruptura Irreparable |
|---|---|---|

Panel integrado por su presidente, el Juez Figueroa Cabán, la Jueza Brignoni Mártir y el Juez Ronda del Toro

Brignoni Mártir, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 3 de abril de 2024.

Comparece Pedro Juan Hernández Rivera (señor Hernández Rivera o el peticionario) y solicita la revocación de la *Resolución* emitida 7 de diciembre de 2023, por el Tribunal de Primera Instancia, Sala de San Juan (TPI o foro primario), notificada el 8 de diciembre del mismo año. Mediante la referida *Resolución*, el foro primario denegó al peticionario la solicitud de compensación presentada por éste en el pleito de pensión alimentaria de menores, para recobrar la suma que según alega, pagó en exceso, relacionada a partidas de mantenimiento, hipoteca y seguro de auto y lo instruyó a reclamar su alegado crédito en un pleito independiente mediante una acción de reembolso presentada en contra de Adriana María Caparrós Jordán (señora Caparrós Jordán o la recurrida) para recobrar lo que correspondía a ésta pagar por las partidas especificadas en su reclamo. Asímismo, el TPI declaró No Ha Lugar la solicitud de compensación presentada por señor Hernández Rivera, por los honorarios de abogado que debió haber ya satisfecho el peticionario a tenor con una determinación previa del TPI sobre alimentos y las

Número Identificador

RES-SEN2024_____

determinaciones posteriores de tribunales de mayor jerarquía. En cuanto a la solicitud de orden de pago presentada por la recurrida para compeler al peticionario pagar los gastos de comida del viaje a Nueva York, los gastos de uniformes, los gastos de reparaciones en el hogar, gastos médicos, diésel, tutorías, comidas en Boston, gastos de clases de baile y patineta, establecidos anteriormente mediante resoluciones previas sobre alimentos emitidas por el TPI y en la Resolución de pensión final de 26 de enero de 2023 y sobre los cuales se presentó evidencia previamente, el foro primario ordenó al señor Hernández Rivera cumplir con dichos pagos.

Por los fundamentos que expondremos a continuación, se expide el auto de *certiorari* solicitado por el señor Hernández Rivera y se confirma la *Resolución* recurrida..

I

El tracto procesal del caso de epígrafe se originó el 19 de enero de 2020, fecha en que la señora Caparrós Jordán presentó Demanda de divorcio en la cual solicitó la fijación de una pensión alimentaria para beneficio de sus hijos menores de edad procreados durante su matrimonio con el peticionario. Las partes se divorciaron el 25 de agosto de 2020.

Tras varios incidentes procesales, el peticionario presentó ante foro primario *Moción Informativa asumiendo Capacidad Económica.* Allí sostuvo que tras recibir el descubrimiento de prueba solicitado aceptaría capacidad económica para cubrir los gastos de los menores. Así las cosas, tras varias vistas sobre fijación de pensión alimentaria, la Examinadora de Pensiones Alimentarias (EPA) rindió Informe en el que formuló extensas determinaciones de hechos. Allí expuso que quedó probado que la capacidad económica del señor Hernández Rivera es sustancialmente mayor que la de la recurrida y dispuso que la obligación del peticionario debía ser satisfacer el 100% de los gastos de los menores.

En síntesis, mediante *Resolución* de 25 de octubre de 2022, el foro primario acogió el Informe de la EPA y le impartió su aprobación. En consecuencia, ordenó al peticionario a pagar una pensión alimentaria de $5,264.17 a partir del 1 de agosto de 2021. En desacuerdo, el 10 de noviembre de 2022, el señor Hernández Rivera presentó *Solicitud de Determinaciones de Hechos Adicionales y Moción de Reconsideración* ante el TPI. En esencia, el peticionario arguyó que permanecían controversias sin adjudicar entre las que detalló si estaba obligado a lo siguiente: (1) pagar los gastos de vivienda, puesto que ostenta custodia compartida, (2) pagar los gastos del vehículo de motor y el seguro de la apelada, (3) pagar los gastos de utilidades, (4) pagar las tutorías y campamento, y (5) los honorarios de abogado.  De igual forma, el señor Hernández Rivera argumentó que la aceptación de capacidad económica para alimentar a sus hijos no implicaba que procediera relevar del pago a la recurrida toda vez que ambos tenían la custodia compartida de los menores.  Por su parte, la señora Caparrós Jordán presentó oposición en la que argumentó que el peticionario estaba impedido de invocar los derechos que surgían de la Guías Mandatorias toda vez que desde el inicio este aceptó su capacidad económica.

La EPA realizó enmiendas al Informe en el que entre otros asuntos, concluyó que el señor Hernández Rivera no reveló sus ingresos al haber aceptado capacidad económica por lo que no le aplican las Guías Mandatorias y procedía que se le imputara el 100% de los gastos. Destacó además, que el alimentante tendría que someterse al descubrimiento de prueba compulsorio con la obligación de revelar sus ingresos y que solo así ambos progenitores vendrían obligados a cubrir los gastos y necesidades de los alimentistas.

**El 23 de enero de 2023,** el foro primario emitió ***Resolución de Reconsideración; Solicitud de Hechos Adicionales*** en la que, tras acoger las recomendaciones del Informe Enmendado de la EPA ordenó al peticionario pagar la suma de $5,264.17 por concepto de pensión

alimentaria final a partir del 1ro. de agosto de 2021. En síntesis, en lo referente al pago de vivienda el TPI le ordenó al señor Hernández Rivera aportar 2/3 partes de la suma de $3,074.33, equivalente a $2,049.55 que representa la ocupación de los alimentistas en la vivienda. De igual forma le ordenó al señor Hernández Rivera aportar en la misma proporción al mantenimiento de la urbanización y a algún otro seguro que se pague por la vivienda así como el 100% de los gastos de tutorías, 2/3 partes del gasto por concepto de seguro del auto, el 100% de los uniformes y seguro médico, entre otras partidas. En lo pertinente al pago de honorarios de abogado el foro primario ordenó al peticionario pagar la suma de $11,000.00 por dicho concepto, por las quince (15) vistas celebradas para fijar la pensión alimentaria**. [1]**

En desacuerdo, el señor Hernández Rivera presentó apelación ante este Tribunal de Apelaciones, en la que cuestionó la imposición del pago de los gastos de vivienda, el pago del auto y el seguro, así como la partida de honorarios de abogado.

Mediante Sentencia emitida el 14 de julio de 2023, en el caso con designación alfanumérica KLAN202300165, este Tribunal de Apelaciones confirmó la *Resolución de Reconsideración; Solicitud de Hechos Adicionales* emitida por el TPI en el caso SJ2020RF000565.

y dispuso expresamente lo siguiente:

> **En primer lugar, no erró el TPI al imponer al señor Hernández un porciento de responsabilidad de los gastos de vivienda y cuotas de mantenimiento, aunque aceptó capacidad económica y ostenta la custodia compartida de los menores. Conviene resaltar, que la norma vigente en nuestro ordenamiento jurídico establece que las Guías Mandatorias no aplican en el supuesto en que el alimentante acepta capacidad económica. De exigir al otro alimentante, responsabilidad por los gastos, corresponderá al promovente divulgar sus ingresos, de modo que se utilicen las Guías Mandatorias y se pueda aplicar el principio de proporcionalidad.** *Santiago Maisonet v. Maisonet Carrea, supra.* **A esto hay que añadir que la determinación impugnada se basa en la apreciación de la prueba oral y al no presentar la transcripción, el apelante no nos puso en posición de revisar la apreciación realizada por el foro recurrido.**
> **En segundo lugar, tampoco procede modificar la determinación que le impuso responsabilidad por concepto del pago de automóvil, el seguro y su uso por los menores. Esta determinación se basa en la prueba oral vertida ante la EPA y en la**

---

[1] *Véase* páginas 22-27 del Apéndice de la Petición de Certiorari.

**medida en que no se presentó la transcripción, no estamos en posición de revisar su apreciación.**

**En tercer lugar, contrario a la solicitud del apelante, no debemos intervenir con la imposición de honorarios de abogado por parte del foro sentenciador. Esto es así, porque luego de revisar el expediente, consideramos que la cuantía impuesta es razonable. A esos efectos, basta revisar la evaluación del trámite litigioso que hizo la EPA sobre el número de vistas, la labor de la representación legal de la apelada y la conducta del apelante durante el procedimiento para justificar nuestra determinación.**

El 2 de agosto de 2023, la recurrida solicitó al TPI orden para procurar el pago de los honorarios de abogados impuestos y de los intereses.[2]  En esa fecha, TPI dictó Orden al peticionario y le dio un término de diez (10) días para pagar la suma de $11,000.00 de honorarios de abogado más los intereses legales por mora acumulados.[3] El 8 de agosto de 2023, el foro primario modificó la orden y determinó que el pago de honorarios e intereses tenía que realizarse una vez adviniera final y firme la Sentencia emitida por el Tribunal de Apelaciones en el caso KLAN202300165.[4]  El 10 de agosto de 2023 el TPI emitió *Resolución* en la que declaró con la lugar la imposición de intereses sobre la cantidad fijada de honorarios.[5]  El 11 de agosto de 2023, el foro primario emitió *Resolución* en la que sostuvo la determinación en torno al pago de honorarios de abogados y ordenó al peticionario desglosar y particularizar los pagos y las cantidades reclamadas.[6]

El 21 de septiembre de 2023, el peticionario presentó moción en cumplimiento con lo ordenado sobre los pagos realizados y reclamados, que incluyó una tabla de los alegados pagos en exceso que requería fueran compensados por la recurrida.[7]

El 22 de septiembre de 2023, el foro primario concedió término a la recurrida para exponer su posición sobre lo alegado y reclamado por el peticionario.  A su vez señaló vista para atender lo solicitado por el peticionario; ordenó a las partes aclarar dudas sobre los pagos y las

---

[2] Véase Entrada Núm. 394 de SUMAC:
[3] Véase página 56 del Apéndice de la Petición de *Certiorari*
[4] Véase páginas 65-66 de la Petición de *Certiorari,*
[5] *Véase p*áginas 67-68 de la *Petición de Certiorari*
[6] *Véase p*ágina 69 de la *Petición de Certiorari*
[7] *Véase* páginas 71-75 del Apéndice de la Petición de *Certiorari* (Entrada 407 de SUMAC.)

alegaciones planteadas.  De igual forma, el TPI advirtió que no atendería controversias ya planteadas y resueltas anteriormente y aclaró que la vista a celebrarse no era una de modificación de pensión alimentaria.[8]…

Tras una prórroga solicitada por la recurrida y concedida por el TPI, el 10 de octubre de 2023, el foro primario emitió Orden en la que reiteró que el asunto del pago de los honorarios e intereses ya se había resuelto.[9]  El 10 de noviembre de 2023 la recurrida sometió la prueba documental sobre la deuda reclamada conforme a la pensión alimentaria final fijada y sostuvo que atendería la vista reseñalada para el 28 de noviembre de 2023.[10]

En el interín, el 14 de noviembre de 2023 el Tribunal Supremo emitió el **Mandato**. en el caso KLAN202300165, por lo que la Sentencia emitida por el Tribunal de Apelaciones, advino final y firme.

El **28 de noviembre de 2023** se celebró la vista pautada con la presencia de las partes y sus representantes legales. Durante la vista el peticionario no presentó prueba de haber cumplido con el pago de los gastos por concepto de comida del viaje a Nueva York de los menores, de los gastos de uniformes, los gastos de reparaciones en el hogar, gastos médicos, diésel, tutorías, comidas en Boston, gastos de clases de baile y patineta, establecidos anteriormente mediante resoluciones previas sobre alimentos emitidas por el TPI y en la Resolución de pensión final de 26 de enero de 2023. El señor Hernández Rivera tampoco presentó prueba de haber cumplido con el pago de los honorarios de abogado, fijados en la Resolución final de alimentos de 23 de enero de 2023, confirmada por el Tribunal de Apelaciones mediante Sentencia emitida el 14 de julio de 2023, en el caso con designación alfanumérica KLAN202300165, cuyo mandato fue emitido por el Tribunal Supremo el 14 de noviembre de 2023.

---

[8] *Véase* página 114 del Apéndice de la Petición de *Certiorari* (Entrada Núm. 408 y 409 de SUMAC)
[9] Véase Entrada Núm. 416 de SUMAC
[10] *Véase* Entrada 418 y 419 de SUMAC

El 5 de diciembre de 2023, la recurrida presentó ante el TPI moción para que se encontrara al peticionario incurso en desacato por su incumplimiento con el pago de los honorarios de abogado.[11] Al día siguiente, 6 de diciembre de 2023, la señora Caparrós Jordán presentó ante el foro primario *Moción en Torno a Órdenes* en la que solicitó al TPI que ordenara al peticionario ejecutar el Mandato y lo obligara a cumplir sin ulterior dilación con el pago inmediato de los honorarios de abogado e intereses.  Argumentó además la recurrida que el asunto está resuelto por un tribunal de mayor jerarquía y es final y firme.[12]

Mediante *Resolución* emitida el 7 de diciembre de 2023, notificada el 8 de diciembre de ese año, el foro primario  denegó al peticionario la solicitud de compensación presentada por éste en el pleito de pensión alimentaria de menores, para recobrar la suma que según alega, pagó en exceso, relacionada a partidas de mantenimiento, hipoteca y seguro de auto y lo instruyó a reclamar su alegado crédito en un pleito independiente mediante una acción de reembolso presentada en contra de la recurrida, para recobrar lo que correspondía a ésta pagar por las partidas específicadas en su reclamo.  Asímismo, el TPI declaró No Ha Lugar la solicitud de compensación por los honorarios de abogado que debió haber ya satisfecho el peticionario a tenor con una determinación previa del TPI sobre alimentos y las determinaciones posteriores de tribunales de mayor jerarquía. Concluyó el foro primario que por constituir los honorarios de abogado parte de la pensión, no procede la compensación de estas partidas y, le ordenó pagar los honorarios según ordenado. En cuanto a la solicitud de orden de pago presentada por la recurrida para compeler al peticionario pagar los gastos de comida del viaje a Nueva York, los gastos de uniformes, los gastos de reparaciones en el hogar, gastos médicos, diésel, tutorías, comidas en Boston, gastos de clases de baile y patineta, y sobre los cuales se presentó evidencia previamente, el foro primario ordenó al señor Hernández Rivera cumplir

---

[11] Véase páginas 225-227 del Apéndice de la *Petición de Certiorari*
[12] *Véase* Anejo I del *Escrito en Oposición a Que se Expida el Recurso*, páginas 1-3 del Apéndice.

con dichos pagos establecidos anteriormente mediante resoluciones previas sobre alimentos emitidas por el TPI y en la Resolución de pensión final de 26 de enero de 2023.

Inconforme, el señor Hernández Rivera presentó el recurso de epígrafe y señala la comisión de los siguientes errores por parte del foro primario:

> PRIMER ERROR: ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL CONCLUIR QUE EL PADRE PAGÓ LA TOTALIDAD DEL VEHÍCULO DE MOTOR EN CONCEPTO DE ALIMENTOS PROVISIONALES, PERO GUARDAR SILENCIO RESPECTO AL DERECHO QUE TIENE EL PADRE DE QUE SE LE RECONOCIERA DICHO PAGO EN EXCESO LUEGO DE QUE SE ESTABLECIERA QUE SOLO DEBÍA APORTAR DOS TERCERAS PARTES DE DICHO GASTO.
>
> SEGUNDO ERROR: ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL CONCLUIR QUE EL PADRE REALIZÓ EL PAGO DE 100% DEL GASTO DE VIVIENDA, INCLUYENDO LA CUOTA DE MANTENIMIENTO, PERO NEGARLE EL DERECHO A QUE SE LE RECONOCIERA DICHO PAGO EN EXCESO Y SE APLICARA A CANTIDADES RECLAMADAS MEDIANTE REEMBOLSO.
>
> TERCER ERROR: ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL ORDENAR EL PAGO DE ACTIVIDADES EXTRACURRICULARES, A PESAR DE QUE DICHA PARTIDA ESTABA CONTEMPLADA EN LA PENSIÓN ALIMENTARIA PROVISIONAL.
>
> CUARTO ERROR: ACTUÓ CON PASIÓN, PERJUICIO Y PARCIALIDAD EL HONORABLE TRIBUNAL AL REALIZAR PREGUNTAS SUGESTIVAS A LA DEMANDANTE PARA VALIDAR GASTOS QUE NO FUERON DEBIDAMENTE EVIDENCIADOS.
>
> QUINTO ERROR: ACTUÓ CON PASIÓN, PERJUICIO Y PARCIALIDAD AL ORDENAR AL PADRE ALIMENTANTE REEMBOLSAR A LA MADRE GASTOS CUYA PROCEDENCIA NO SE ACREDITÓ MEDIANTE LA MEJOR EVIDENCIA, EXIMIENDO A DICHA PARTE DE PRESENTAR PRUEBA SUFICIENTE EN DERECHO DE QUE LOS GASTOS RECLAMADOS CORRESPONDÍAN A LOS MENORES Y NO A TERCEROS EN ESTE CASO O A LA PROPIA DEMANDANTE Y PERMITIR LOS MISMOS POSTERIOR A LA CELEBRACIÓN DE LA VISTA, COARTANDO EL DERECHO A UN DEBIDO PROCESO DE LEY.
>
> SEXTO ERROR: COMETIÓ ERROR EN DERECHO EL TRIBUNAL DE PRIMAERA INSTANCIA AL CONCLUIR QUE EL PADRE NO TIENE DERECHO A RECLAMAR CRÉDITOS POR LOS PAGOS REALIZADOS EN EXCESO CONTRA EL RECLAMO DE LA MADRE DE DEUDA EN CONCEPTO DE REEMBOLSO Y GUARDAR SILENCIO SOBRE LAS CANTIDADES QUE PODRÁ RECOBRAR LA MADRE.

El 6 de marzo de 2024, la señora Caparrós Jordán compareció ante nosotros mediante escrito intitulado *Oposición a que se Expida el Recurso e Incumplimiento Craso con el Reglamento del TA.* En esencia, la recurrida sostiene que el peticionario pretende relitigar asuntos adjudicados por el foro primario en la *Resolución* de 23 de enero de 2023 donde se fijó la pensión alimentaria final, efectiva el 19 de enero de 2020, la cual fue confirmada por este Tribunal de Apelaciones mediante Sentencia emitida el 14 de julio de 2023, en el caso con designación alfanumérica KLAN202300165. Argumenta que luego de emitida esa Sentencia el TPI tuvo que emitir resoluciones adicionales finales y firmes para procurar que el peticionario cumpliera con su obligación alimentaria así como con el pago de honorarios de abogado a satisfacer inmediatamente. Sostiene además, la recurrida, que el peticionario no ha dado fiel cumplimiento a la Regla 76 del Reglamento del Tribunal de Apelaciones, en lo pertinente a la transcripción de la prueba oral.

Examinados los escritos de las partes, sus respectivos anejos y la Transcripción de la Prueba Oral de la Vista celebrada el 28 de noviembre de 2023, ante el foro primario estamos en posición de resolver

II

A.

El *certiorari* es un recurso de carácter discrecional. *800 Ponce de León v. AIG*, 205 DPR 163 (174) (2020); *IG Builders v. BBVAPR,* 185 DPR 307, 337 (2012); *Feliberty v. Soc. de Gananciales*, 147 DPR 834, 837 (1999). Dicha discreción está delimitada por la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, la cual nos faculta para revisar los asuntos bajo las Reglas 56 y 57 de Procedimiento Civil, y las denegatorias de mociones de carácter dispositivo. *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023). A manera de excepción, podremos revisar asuntos sobre la admisibilidad de testigos de hechos o peritos esenciales, privilegios evidenciarios, anotaciones de rebeldía, **relaciones de familia**, casos que revistan interés público o cualquier otro

asunto en el cual esperar hasta una apelación constituiría un fracaso irremediable de la justicia.

Si bien la Regla 52.1, *supra*, limita el ámbito de discreción a asuntos interlocutorios, la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 40, nos provee otros criterios para ejercer nuestra discreción. Dichos criterios son los siguientes: (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho; (B) Si la situación de hechos planteada es la más indicada para el análisis del problema; (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia; (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados; (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración; (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio; y (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. Al revisar una determinación de un tribunal de menor jerarquía, como Tribunal de Apelaciones, tenemos la tarea principal de auscultar si el tribunal revisado aplicó correctamente el derecho a los hechos particulares del caso ante sí. *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 770 (2013). Como regla general, los tribunales apelativos no tenemos la facultad de sustituir las determinaciones del foro de instancia con nuestras propias apreciaciones. *Dávila Nieves v. Meléndez Marín*, supra, pág. 771; *Serrano Muñoz v. Auxilio Mutuo*, 171 DPR 717, 741 (2007).

Según ha resuelto reiteradamente nuestro Tribunal Supremo, "un tribunal apelativo sólo intervendrá con las determinaciones interlocutorias discrecionales procesales del tribunal sentenciador cuando este último haya incurrido en arbitrariedad o en un craso abuso de discreción". *Meléndez Vega* v. *Caribbean Intl. News*, 151 D.P.R. 649, 664 (2000).

La excepción a la norma general ocurre cuando la parte demuestra al tribunal apelativo que el juzgador de instancia actuó motivado por: 1) pasión, 2) prejuicio, 3) parcialidad, o 4) que incurrió en error manifiesto. *Dávila Nieves v. Meléndez Marín*, supra, pág. 771. A tales efectos, el Tribunal Supremo ha reiterado que los tribunales de mayor jerarquía no debemos sustituir el criterio discrecional del tribunal inferior en cuanto sus determinaciones interlocutorias procesales. *Lluch* v. *España Service Sta.*, 117 D.P.R. 729 (1986); *Valencia, Ex parte*, 116 D.P.R. 909 (1986); *Ortiz Rivera* v. *Agostini*, 92 D.P.R. 187 (1965); *García* v. *Asociación*, 165 D.P.R. 311 (2005).

B

La obligación de los padres a alimentar a sus hijos menores de edad es de raigambre constitucional que se fundamenta en el derecho a la vida, consagrado en la Carta de Derechos de la Constitución de Puerto Rico, Art. 2, Sec. 10., Const. E.L.A., L.P.R.A. Tomo 1. *Santiago, Maisonet v. Maisonet Correa*, 187 D.P.R. 550 (2012). Como un derecho inherente a la persona, proveer alimentos a los hijos menores está revestido del más alto interés público. Véase, *Llorens Becerra v. Mora Monteserín*, 178 D.P.R. 1003, 1016 (2010); *Ferrer v. González*, 162 D.P.R. 173, 177 (2004).

Un padre o madre que reclama un crédito por haber satisfecho las necesidades de sus hijos en exceso de lo que le correspondía no puede compensar dicho crédito con la pensión alimentaria que le corresponde pagar a favor de los menores. *Toro Sotomayor v. Colón Cruz*,176 DPR 528 (2009). Aunque la acción para reclamar alimentos la haya iniciado el padre o la madre de un menor de edad, dicha acción pertenece al menor alimentista y el progenitor que reclama es su representante para lograr el remedio solicitado. *Toro Sotomayor v. Colón Cruz*, *supra*, a la pág.536 (2009).  En *Figueroa Robledo v. Rivera Rosa*, 149 DPR 565 (1999), el Tribunal Supremo resolvió que éste es un tercero en cuanto a la obligación alimenticia que el padre alimentante tiene frente al menor.

Aunque el alimentante haga el pago de la pensión directamente al padre custodio, ello no altera la naturaleza ni las partes en la obligación. *Id.*

Asimismo, en *Calvo Mangas v. Aragonés*, 115 DPR 219 (1984), el Tribunal Supremo concluyó que cuando un padre alimentante paga en exceso de lo que le corresponde tiene un crédito a su favor por ese excedente. El padre que ha pagado en exceso puede reclamar su crédito mediante una acción independiente que no configura una reclamación de alimentos. *Calvo Mangas v. Aragonés ,supra*, Así lo resolvió el Tribunal Supremo en *Figueroa Robledo v. Rivera Rosa*, 149 DP´R 565 (1999)*.*

Es norma reiterada de derecho que la obligación alimentaria incluye el pago de honorarios de abogado a favor de los menores, sin que haya la necesidad de una conducta temeraria por parte del alimentante. *Torres Rodríguez v. Carrasquillo Nieves*, 177 DPR 728, 740 (2009). El Tribunal Supremo, al expresarse , ha manifestado que su imposición en los casos de alimento busca compensar las dificultades que sufre el alimentista al tener que reclamar judicial o administrativamente los alimentos a quien tiene la obligación moral y legal de suministrarlos. *Torres Rodríguez v. Carrasquillo Nieves*, supra, a la pág. 741-742. La norma que impone al alimentante el pago de honorarios está más que justificada, porque la negación de esos fondos en un pleito por alimentos privaría al alimentista, o a su representante o guardián, de los recursos económicos necesarios para reclamar y hacer efectivo su derecho. Incluso podría comprometer la pensión alimentaria para atender el reclamo de pago del representante legal. *Íd.*, a la pág. 741.

C.

Bajo nuestro ordenamiento jurídico, "las obligaciones y los derechos adjudicados mediante un dictamen judicial que adviene final y firme pueden constituir la ley del caso. *Rodríguez v. Ocasio v. ACAA*, 197 DPR 852, 863 (2017). Esto quiere decir que, como norma general, los planteamientos que ya han sido adjudicados por los foros judiciales –tanto

tribunales de instancia como apelativos– no pueden reexaminarse. *Berkan v. Mead Johnson Nutrition Puerto Rico, Inc.*, 204 DPR 183, 201 (2020); *Mgmt. Adm. Servs, Corp. v. ELA*, 152 DPR 599, 606-607 (2000). Esta doctrina o principio tiene la finalidad de velar por el trámite ordenado y pronto de los litigios; además, promueve la estabilidad y certeza del derecho. *Rosso Descartes v. BGF*, 187 DPR 184, 193 (2012). Así pues, las partes en el pleito pueden, en la medida posible, conducir su proceder sobre directrices judiciales confiables y certeras. *Mgmt. Adm. Servs, Corp. v. ELA*, *supra*, págs. 607-608.

Un dictamen adquiere el carácter de ley del caso cuando constituye una decisión final en los méritos. *Berkan v. Mead Johnson Nutrition Puerto Rico, Inc.*, *supra*. Por consiguiente, no puede invocarse o aplicarse esta doctrina cuando no existe una decisión final en los méritos que sirva de base para ello. *Mgmt. Adm. Servs, Corp. v. ELA*, *supra*, pág. 607. Específicamente, las determinaciones judiciales que generan este efecto son aquellas cuestiones finales consideradas y decididas por el tribunal. *Rodríguez Ocasio v. ACAA*, *supra*. De cumplir con dicho carácter de finalidad, estas decisiones obligan a los tribunales si la controversia vuelve ante su consideración. *Félix v. Las Haciendas*, 165 DPR 832, 843 (2005).

La doctrina de la ley del caso procura que se respeten como finales aquellas controversias sometidas, litigadas y decididas, de manera firme, por un tribunal dentro de un caso. *Núñez Borges v. Pauneto Rivera*, 130 DPR 749, 754 (1992). Es decir, deben evitarse, en lo posible, la emisión de dictámenes contradictorios e inconsistentes. *Íd.*, a la pág. 755. La norma es que la doctrina de la ley del caso solo es aplicable a las determinaciones finales y firmes. *Mdmt. Adm. Servs. Corp. v. E.L.A.*, 152 DPR 599, 606-607 (2000).

La doctrina de la ley del caso se encuentra estrechamente relacionada con la figura del mandato. El mandato es "el medio que posee un tribunal en alzada de comunicarle a un tribunal inferior qué

determinación ha tomado sobre la sentencia objeto de revisión y ordenarle actuar en conformidad con la misma". *Colón y otros v. Frito Lays*, 186 DPR 135, 151 (2012); *Mejías et al. v. Carrasquillo et al.*, 185 DPR 288, 301 (2012). Por consiguiente, una vez se emite un mandato a un tribunal de menor jerarquía, este deberá continuar con los procedimientos del caso de forma compatible con lo resuelto por el foro de mayor jerarquía. *Íd.* El mandato obliga al foro apelado y este no puede examinar nuevamente las cuestiones resueltas. *Félix v. Las Haciendas*, 165 DPR 832, 843 (2005). La norma establecida por los tribunales apelativos solamente puede ser variada, a manera de excepción, si el caso llega nuevamente ante su consideración, y este entiende que cometió un error que es necesario corregir para evitar una grave injusticia. *Íd.*, a la pág. 844.

III

Es la contención del peticionario en el caso que nos ocupa que incidió el foro primario al concluir que pagó la totalidad del vehículo de motor en concepto de alimentos provisionales y al denegar su solicitud de compensación sobre lo que pagó en exceso, a pesar de que estableció que solo debía aportar dos terceras partes de dicho gasto. De igual forma sostiene el señor Hernández Rivera que incidió el foro primario al negarle el derecho a que se le reconociera lo que pagó en exceso por gasto de vivienda y cuota de mantenimiento y al denegarle su solicitud de reembolso sobre dichas partidas. Señala además, como error del TPI que incidió dicho foro al ordenarle el pago de actividades extracurriculares. Razona que dicha partida estaba contemplada en la pensión alimentaria provisional.

En síntesis, en los demás señalamientos de error, arguye el peticionario que en la *Resolución* recurrida, el TPI actuó con pasión, perjuicio y parcialidad al validar gastos que no fueron evidenciados como gastos de los menores y al concluir que no tiene derecho a reclamar

créditos por los pagos realizados en exceso contra el reclamo de la madre de deuda en concepto de reembolso.

En lo pertinente a los señalamientos de error del peticionario recalcamos que el caso que nos ocupa es secuela de una *Resolución de Reconsideración; Solicitud de Hechos Adicionales* emitida por el foro primario, en el caso SJ2020RF000565 en la que el TPI, tras acoger el Informe de la Examinadora de Pensiones Enmendado le impuso al señor Hernández Rivera una pensión alimentaria final, luego de este haber aceptado capacidad económica y la señora Caparrós Jordán haber presentado prueba de gastos. Es preciso destacar que el peticionario apeló dicho dictamen, ante este Tribunal de Apelaciones. En síntesis, en aquella ocasión el señor Hernández Rivera alegó "que erró el TPI al denegar hacer ajustes a las cuantías de vivienda, cuota de mantenimiento, utilidades, y al pago del vehículo y su seguro, fijadas a la pensión alimentaria, puesto que, las partes tienen custodia compartida, en igual tiempo". Agregó además, el señor Hernández Rivera en su apelación que aunque reconoció que tiene capacidad para sostener sus gastos entiende es irrazonable que tenga que contribuir a los gastos reclamados, ya que comparte el mismo tiempo con los menores que la señora Caparrós Jordán. En esa ocasión, esbozó el señor Hernández Rivera en su apelación que el foro primario, actuó contrario a derecho; impugnó la determinación de hechos sobre sus ingresos y solicitó a este Tribunal de Apelaciones que eliminara el gasto de automóvil porque la apelada lo usaba exclusivamente para fines personales. Asimismo, el señor Hernández Rivera planteó además, en su apelación que la imposición de honorarios de abogados era improcedente, debido a que la señora Caparrós Jordán nunca los había solicitado ni estableció una cuantía específica de gastos ni un memorando de costas por lo que la cuantía era incierta y no evidenciada.

Sobre esos extremos en la Sentencia emitida el 14 de julio de 2023, en el caso con designación alfanumérica KLAN202300165, este

Tribunal de Apelaciones confirmó la *Resolución de Reconsideración; Solicitud de Hechos Adicionales* emitida por el TPI en el caso SJ2020RF000565 y sobre los señalamientos de error del peticionario dispuso lo siguiente:

> En primer lugar, **no erró el TPI al imponer al señor Hernández un porciento de responsabilidad de los gastos de vivienda y cuotas de mantenimiento, aunque aceptó capacidad económica y ostenta la custodia compartida de los menores**. **Conviene resaltar, que la norma vigente en nuestro ordenamiento jurídico establece que las Guías Mandatorias no aplican en el supuesto en que el alimentante acepta capacidad económica.**
> En segundo lugar**, tampoco procede modificar la determinación que le impuso responsabilidad por concepto del pago de automóvil, el seguro y su uso por los menores. Esta determinación se basa en la prueba oral vertida ante la EPA y en la medida en que no se presentó la transcripción, no estamos en posición de revisar su apreciación.**
> En tercer lugar, contrario a la solicitud del apelante**, no debemos intervenir con la imposición de honorarios de abogado por parte del foro sentenciador. Esto es así, porque luego de revisar el expediente, consideramos que la cuantía impuesta es razonable.**

Puntualizamos que la Sentencia emitida por este Tribunal de Apelaciones es final y firme, toda vez que el Tribunal Supremo emitió el mandato el.14 de noviembre de 2023.  Sobre el particular, reiteramos que la *Resolución* recurrida obedeció a la solicitud de la señora Caparrós Jordán presentada el 6 de diciembre de 2023, ante el foro primario, intitulada *Moción en Torno a Órdenes.* Allí, la recurrida solicitó al TPI que ordenara al peticionario ejecutar el Mandato y lo obligara a cumplir sin ulterior dilación con la Sentencia de este Tribunal de Apelaciones en el caso KLAN202300165, particularmente con el pago inmediato de los honorarios de abogado e intereses. En dicha *Moción en Torno a Órdenes* argumentó la recurrida que el asunto ya estaba resuelto por un tribunal de mayor jerarquía y es final y firme, por lo que esta enfatizó en la necesidad de compeler al peticionario a cumplir con el referido Mandato.

Con relación a los asuntos a ventilarse en la vista celebrada el 28 de noviembre de 2023 ante el foro primario, vale destacar que el 22 de septiembre de 2023, **el TPI advirtió que no atendería controversias ya**

**planteadas y resueltas anteriormente y aclaró que la vista a celebrarse no era una de modificación de pensión alimentaria**.

En el caso que nos ocupa, surge de la Resolución recurrida y de la Transcripción de la Vista celebrada el 28 de noviembre de 2023, que sobre los gastos de Nueva York, ya la recurrida había aportado prueba anteriormente ante la EPA y que a pesar de esa determinación, el peticionario continuaba sin efectuar el pago correspondiente por dicha partida, la cual fue debidamente evidenciada tanto ante la EPA como en la vista celebrada el 28 de noviembre de 2023 por el TPI a los fines de atender el reclamo de pago de gastos presentado por la señora Caparros Jordán.

De igual forma, la suma de los gastos por concepto de uniformes fue previamente establecida en la Resolución de pensión final de 26 de enero de 2023 y conforme a esta el peticionario tenía la obligación de pagar el 100% del gasto de uniformes y este no evidenció en la vista de 28 de noviembre de 2023 haber efectuado dicho pago. Asimismo, la obligación de pago del peticionario de los gastos de reparaciones de hogar, gastos médicos, y diesel de planta surgen de la Resolución de 26 de enero de 2023, la cual es final y firme. Durante la vista celebrada el 28 de noviembre de 2023, el señor Hernández Rivera no evidenció su pago sobre la partida establecida en la Resolución de pensión final de 26 de enero de 2023.

En lo pertinente a los gastos por concepto de las tutorías de los menores, la obligación de pago del peticionario surge de la Resolución sobre pensión final emitida por el TPI el 26 de enero de 2023, así como su obligación de pago de los gastos de clases  de baile y patineta.  De igual forma, la partida por concepto de hipoteca y seguro surge también de la Resolución final sobre alimentos de 26 de enero de 2023, la cual es final y firme.

En atención a los anteriores señalamientos, concluimos que no procede relitigar el asunto de los gastos establecidos anteriormente

mediante *Resolución* de pensión final de 26 de enero de 2023, la cual, fue confirmada mediante Sentencia emitida el 14 de julio de 2023, por este Tribunal de Apelaciones en el caso con designación alfanumérica KLAN202300165 y cuyo Mandato fue emitido por el Tribunal Supremo el.14 de noviembre de 2023, por lo cual constituye la ley del caso.  En la vista celebrada el 28 de noviembre de 2023, correspondía al peticionario presentar prueba de cumplimiento con los pagos objeto de su obligación, y no relitigar los gastos establecidos anteriormente mediante *Resolución* de pensión final de 26 de enero de 2023.

Es la contención principal del peticionario que incidió el foro primario al denegarle su solicitud de compensación de la deuda por gastos que tiene actualmente, sobre los créditos que alega tiene por partidas que pagó en exceso.

Es doctrina reiterada que no procede la compensación contra los alimentos de los menores. El padre que ha pagado en exceso puede reclamar su crédito mediante una acción personal de reembolso la cual no configura una reclamación de alimentos. *Toro Sotomayor v. Colón Cruz*, *supra; Figueroa Robledo v. Rivera Rosa*, supra, pág. 574.   . Ello obedece a que aunque la acción para reclamar alimentos la inicie el padre o la madre de un menor de edad, dicha la acción le pertenece al menor alimentista, y el progenitor que reclama los alimentos es su representante para lograr el remedio solicitado. *Véase Toro Sotomayor v. Colón Cruz, supra.* Por consiguiente, en el caso de epígrafe, concluimos que la deuda por concepto de gastos que tiene el peticionario forma parte de su obligación alimentaria, la cual a su vez emana de una Sentencia final y firme, por lo que no puede ser compensada a su favor por alegados créditos de pagos en exceso.  Dicha denegatoria del TPI a su solicitud de compensación, no constituye un enriquecimiento injusto a favor de la recurrida Sobre esos extremos, conforme a la normativa anteriormente expuesta, concluimos que no incidió el foro primario al resolver que la

solicitud de reembolso por los alegados créditos, debe presentarla el peticionario en un pleito independiente.

Finalmente, concluimos que de la Resolución emitida por el foro primario el 23 de enero de 2023, surge de forma final, la obligación del peticionario de satisfacer una pensión alimentaria a favor e los menores a partir del 19 de enero de 2020. Dicho dictamen, fue confirmado por este Tribunal de Apelaciones el 14 de julio de 2023, en el caso con designación alfanumérica KLAN202300165 y el Mandato fue emitido por el Tribunal Supremo el 14 de noviembre de 2023, por lo que la Resolución de 23 de enero de 2023 advino final y firme y procedía ejecutar el mandato. Mediante la resolución recurrida, el foro primario ordenó al peticionario el cumplimiento con su obligación de pago de los gastos adeudados y de la partida de honorarios de abogado e intereses que forman parte de la pensión alimentaria de los menores previamente impuesta mediante Resolución final y firme. Con estos antecedentes concluimos que el foro primario no incurrió en los errores señalados por el señor Hernández Rivera, por lo que procede expedir el auto de certiorari y confirmar la Resolución recurrida.

IV

Por los fundamentos anteriormente expuestos, los cuales hacemos formar parte de esta Sentencia, expedimos el auto de certiorari y confirmamos la Resolución recurrida.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones